## MELANCON'S HEIRS vs. DUHAMEL ET AL.

### APPEAL FROM THE COURT OF THE FIFTH DISTRICT.

In a suit for the price of a tract of land, where the defendant set up the judgement of a third party, evicting him of the land, and praying for the rescission of the sale and cancelment of his obligation to pay the price, the plaintiff may amend his petition, and allege facts in avoidance of the causes of rescission and nullity of the sale set forth by the defendant.

The records of the suit evicting the defendant, and the act of renunciation of the party evicting him, renouncing all advantage under such judgement, are admissible evidence on the part of the plaintiff, to show the eviction was procured through fraud and collusion on the part of the defendant; and that all advantage gained by it was renounced.

This suit was commenced for the recovery of three thousand and eighty-five dollars, due by Jean Duhamel and J. Latislais, his surety, as the last instalment of the price of five arpens of land, by 40 on the Teche, purchased at the sale of Melançon's estate. The defendant, Duhamel, alleged that he was disturbed in the possession by Pierre Broussard, who

had commenced a suit against him for the same land, and refused payment. Broussard obtained final judgement of eviction and recovery of three and a half arpents of this land against Duhamel. See case, 3 *Martin, N. S.* 7.

WESTERN DIS.
*Sept.* 1832.

MELANÇON'S
HEIRS
*vs.*
DUHAMEL
ET AL.

Duhamel set up this judgement in eviction against the plaintiffs demand, and prayed for the rescission of the sale, the cancelment of his notes, and for damages, &c.

The plaintiffs in an amended petition, allege that the first instalment has not been paid, for which a judgement was rendered and confirmed by the supreme court. They set up the fraud and collusion between Duhamel and Pierre Broussard, in obtaining the judgement of eviction, (See 2 *La. Rep.* 8,) and pray for judgment for the whole amount of the price, and that the land be sold to satisfy it. They also offer an act, by which P. Broussard renounced to Melançon's heirs, all the advantage under his judgment against Duhamel. The defendants deny that the plaintiffs have secured them in their title to the land, either by the renunciation of Pierre Broussard or otherwise, and that they are not liable. J. Latiola, one of the defendants, says he is discharged from his liability as surety of Duhamel; as by the acts and failure of the plaintiffs to make a good title to the land, he cannot be subrogated to their rights and privileges, &c.

The plaintiffs' counsel offered in evidence two records of suits between Melançon's heirs and P. Broussard; the first an action of nullity to annul the judgement Broussard had obtained against J. Duhamel; and, also, the act of renunciation of P. Broussard, of all advantages he might derive from his judgement against Duhamel. The defendant objected to them as evidence, and the court sustained the objection. The plaintiff took his bill of exceptions.

The district judge being of opinion the eviction pleaded by the defendants was fully proven, that the sale ought to be rescinded, and they discharged from further liability, gave judgement accordingly. The plaintiff appealed.

MATHEWS, J., delivered the opinion of the court.

WESTERN DIS.
Sept. 1832.

MELANÇON'S
HEIRS
vs.
DUHAMEL
ET AL.

The plaintiff brought suit against the defendant and his surety, Latiolais, in the year 1822, to recover the second instalment of the price of a tract of land which had been adjudicated to the defendant at a probate sale of the succession of Charles Melançon, the ancestor of the plaintiffs. The whole price of adjudication was six thousand one hundred and seventy dollars; and the plaintiffs allege in an amendment to their petition, that they had previously obtained judgement for the first instalment, which still remained unsatisfied or paid. The recovery of the sum adjudged was prevented by injunctions to the proceedings of the plaintiffs, obtained at various times and on different grounds by Duhamel.

The defendants in the present case, deny the right of the plaintiffs to recover any part of the money claimed, and pray judgement that the sale of the property by the adjudication above stated, should be cancelled and annulled for causes stated in their answer.

In a suit for the price of a tract of land, where the defendant set up the judgement of a third party, evicting him of the land, and praying for the rescission of the sale and cancelment of his obligation to pay the price, the plaintiff may amend his petition, and allege facts in avoidance of the causes of rescission and nullity of the sale set forth by the defendant.

The amended petition alleges facts in avoidance of the causes of nullity relied on by the defendants. It was by them opposed, and an exception taken to the opinion of the judge *a quo*, by whom it was admitted. We are of opinion that the judge did not err in allowing the amendment; it seems to us to have been necessary, in proceeding to an investigation of the claims and rights of the parties litigant. Under the petition as amended, the plaintiffs offered the records of previous suits between the present parties, and also of one brought by Pierre Broussard against Duhamel, in which the former recovered part of the tract of land (which had been adjudicated as above stated) from the latter. All these records were rejected by the court below, and all other evidence offered on the part of the plaintiffs, and judgement was rendered in favor of the defendants, it was ordered that the sale from Melançon's heirs should be cancelled, &c. From this judgement, the plaintiffs appealed.

As the case is situated before this court, it requires examination only in relation to the appellant's bill of exceptions. Whether the facts contained in those records are conclusive

or not on the rights of the parties, we are of opinion that they ought to have been admitted in evidence. They contain a history of the proceedings, in which both the parties to this suit seem to have been interested, either directly or indirectly, and were certainly properly admissible to prove what had been done in those proceedings; and although they may not have any conclusive legal effect on the present pretensions of these parties, they may be necessary to a proper understanding of the evidence which appears by the bill of exceptions to have been offered and rejected. What this other evidence was, is not clearly shewn by the record; but the counsel on both sides regard it, as if part of it was a renunciation of P. Broussard to the rights which he had acquired under the judgement by which he recovered the land from Duhamel. This instrument is alleged to have been made under private signature; but, on proper proof of its execution, was admissible according to the pleadings of the case. What effect it may legally have on the rights of the parties, is quite a different question from that of its admissibility in evidence; and the questions as to the records offered, stand in the same situation.

WESTERN DIS.
Sept. 1832.

MELANÇON'S
HEIRS
vs.
DUHAMEL
ET AL.
The records of the suit, evicting the defendant, and the act of renunciation of the party evicting him, renouncing all advantage under such judgement, are admissible evidence on the part of the plaintiff, to shew the eviction was procured through fraud and collusion on the part of the defendant, and that all advantage gained by it, was renounced.

We are of opinion that the judge *a quo*, erred in rejecting the evidence offered on the part of the plaintiffs.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be avoided, reversed, and annulled; and that the cause be remanded to the said court for a new trial, with instructions to admit the evidence offered, that is to say, the records and the act of renunciation (or by whatever name it may be properly called) by which P. Broussard is alleged to have renounced in favor of Duhamel and Melançon's heirs, the rights which he acquired under the judgement rendered in his favor for a tract of land, which was in controversy between him and the parties to the present suit; the appellees to pay the costs of this appeal.

*Brownson*, for the plaintiffs.    *Simon*, for defendants.